TURNER, Judge pro tem.
On Friday, September 29, 1961, at approximately 12:10 p. m. four automobiles were proceeding down St. Charles Avenue in the direction of Louisiana Avenue in a tandem formation. The leading car was owned and being driven by Frank A. Lee, Jr. Immediately behind him was a car owned and being driven by Mrs. Annis S. Fabricant. Immediately behind her was a yellow cab owned by Toye Brothers Yellow Cab Company and being driven by Malcolm M. Junker, Sr., who had as his passenger a Mr. Donald A. Hammett. The fourth car following the yellow cab was owned by E. Saunders Alpaugh and was being driven by his wife, Mrs. Nanóy T. Alpaugh, on a community mission. When they reached the point where St. Charles Avenue is intersected by Napoleon Avenue at right angles, the semaphore traffic signal light showed green, and the lead car, driven by Frank A. Lee, Jr., proceeded across Napoleon Avenue, and upon approaching a school zone, he decelerated the speed of his car. Mrs. Fabricant, upon observing his mechanical signal light indicating that he was slowing or stopping, decelerated her car. The driver of the yellow cab did likewise. Mrs. Alpaugh, whose attention had been momentarily distracted by some small children in her station wagon, failed to observe all of this and ran into the rear of the yellow cab with considerable force, knocking it into the rear of the Fabricant car and, in turn, the Fabricant car ramming the rear of the Lee car.
As a result of this accident, Malcolm M. Junker, Sr., the driver of the yellow cab, filed the suit, our No. 1243, against Frank A. Lee, Jr., his insurer, Security Mutual Insurance Company of New York, and Nancy T. Alpaugh, wife of E. Saunders Alpaugh, for injuries he allegedly received as a result of the accident. Frank A. Lee, Jr. and his insurer by third party petition made the Alpaughs and Mrs. Fabricant and her husband Max Fabricant third party defendants seeking a judgment against them in the event that they were held responsible to Mr. Junker. The Alpaughs’ automobile was not insured.
Donald A. Hammett, Mr. Junker’s taxi cab passenger, filed a suit being No. 404-276 on the District Court for the Parish of Orleans, our No. 1296 against the Yellow Cab Company, a partnership, and the Al-paughs for damages resulting from injuries he claimed to have received as a result of the collision. By supplemental petition, he made Frank A. Lee, Jr., his insurer and Annis S. Fabricant defendants, alleging concurring negligence of all of the drivers involved.
The partnership of Toye Brothers Yellow Cab Company filed suit No. 405-007 in the Civil District Court for the Parish of Orleans, our No. 1297, against Frank A. Lee, Jr., his insurer, Security Mutual Insurance Company, and Nancy T. Alpaugh, wife of and E. Saunders Alpaugh, for the damages to their cab. The cab company also intervened in the suit by Mr. Junker against Frank A. Lee, Jr., et al, to recover workmen’s compensation benefits in the amount of $826.19 plus medical expenses in the amount of $1,080.11, which they had paid on account of Mr. Junker’s injuries sustained in the accident. The Alpaughs answered and made Frank A. Lee, Jr., Security Mutual Insurance Company, his insurer, and Mrs. Annis S. Fabricant third party defendants in the Junker case. The three suits growing out of the same accident and involving the same set of facts and circumstances were consolidated for trial in the District Court. After trial of the cases, the District Judge rendered and signed separate judgments in each case. *339 He awarded Malcolm M. Junker, Sr. the amount of $9,500 against the Alpaughs. His judgment also granted Toye Brothers Yellow Cab Company, intervenor in the Junker suit, a judgment in the sum of $1,-906.30 against the Alpaughs. The judgment dismissed Junker’s suit against Frank A. Lee, Jr. and his insurer. It also dismissed the third party complaint by the Alpaughs against Lee, his insurer and Annis S. Fabricant. It also dismissed the third party complaint of Leé and his insurer against the Alpaughs and the Fabri-cant9. The judgment failed to state whether or not the award to the intervenor was to be paid in preference and priority and out of the sum awarded to Junker, but it is our opinion that the award of $1,906.30 is in addition to the $9,500 granted Junker. We feel, however, that the amount awarded the intervenor should be paid in preference and priority to all other awards in the Junker case. LSA-R.S. 23:1102 and 1103.
In the Hammett case, the Court awarded plaintiff judgment in the amount of $2,500 against the Alpaughs on account of his injuries. In the Toye Brothers Yellow Cab Company case, the Court awarded a judgment to the plaintiff in the sum of $418.68 for damages to its automobile. This judgment also dismissed plaintiff’s suit against Frank A. Lee, Jr. and Security Mutual Insurance Company of New York.
From these three judgments, the Al-paughs effected appeals to this Court. Mr. Junker, dissatisfied with the amount of his award, also effected an appeal to this Court. Frank A. Lee, Jr. and the Security Mutual Insurance Company effected an appeal of this Court in the Donald A. Hammett case. Their appeal was for the stated purpose of having the Court rule on their third party action. They had interpleaded other defendants in the three party action in which they sought a judgment over said third party defendants in the event that they were cast in any amount. Mr. Hammett did not take an appeal, nor did he answer the appeal in his case.
The evidence in the case convinces us, as it did the Judge of the District Court, that the sole and proximate cause of the accident was Mrs. Alpaugh’s inattention to her duties and her negligence in diverting her attention from her operation of the automobile and failing to see and realize that the cars ahead of her had slowed down. Unquestionably, she was guilty of gross negligence which, in our opinion, caused all the damages sustained by reason of the accident. The attempt by the plaintiffs to show negligence on the part of Frank A. Lee, Jr., in our opinion, has completely failed. The evidence shows that Mr. Lee, after passing the pedestrian crosswalk at a moderate rate of speed in the neighborhood of 25 to 30 miles per hour, applied his brakes normally and sanely in order to come within the 15 mile per hour speed requirement at a school zone just ahead. Mrs. Fabricant, who was following him, had no difficulty in bringing her car under control and slowing down short of colliding with the Lee car. The driver of the yellow cab saw the maneuvers of the preceding cars and brought his car under control in time to avoid a rear-end collision. There was one disinterested witness who saw the accident and testified on the trial of the case. The plaintiff sought to establish by this witness that the Lee car was traveling at a higher rate of speed and made an abrupt stop, precipitating the chain reaction, and that there was another collision before the Al-paugh car struck the rear end of the taxi cab. The Judge of the Trial Court was not impressed with this witness, who was an aged Negro, and so stated in his reasons for judgment, and found the facts to be to the contrary. We are constrained not to upset the District Judge on his finding of fact, as he observed and appraised the witness’s testimony in open Court. The evidence, as we appreciate it, shows that there was no abrupt stopping by Mr. Lee in such a manner as to create an emergency.
We, therefore, find, as did the Trial Court, that Mr. Lee was without fault. *340 After reviewing the evidence in the case regarding injuries suffered by Mr. Junker, we are unable to conclude that the Judge of the lower Court was either excessive or inadequate in assessing damage. We feel, however, that the amount paid Mr. Junker by his employer and for his account in the sum of hospital and medical treatment should be recovered in preference and priority to Mr. Junker’s judgment, and to that extent, the judgment of the District Court is amended to so provide. The judgment of the District Court in the Junker case is amended in this respect and affirmed in all other respects. The judgments of the District Court in the Hammett case and the Toye Brothers Yellow Cab Company case are affirmed, all costs to be paid by the Alpaughs.
Amended and affirmed.